UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 19-61275-Civ-COOKE/HUNT

DIPLOMAT GOLF COURSE
VENTURE, LLC, a Florida limited
liability corporation,

       Plaintiff,

v.

INDIAN HARBOR INSURANCE
COMPANY, et al.,

       Defendants.
_____/

**DEFENDANT INDIAN HARBOR INSURANCE COMPANY'S**
***VERIFIED*** **MOTION FOR ENTITLEMENT TO AN AWARD OF REASONABLE**
**FEES AND COSTS AND INCORPORATED MEMORANDUM OF LAW**

Defendant Indian Harbor Insurance Company ("Indian Harbor") hereby moves this Court for entry of an Order finding that Indian Harbor is entitled to an award of reasonable attorneys' fees and costs pursuant to Fla. Stat. § 768.79 and Florida Rule of Civil Procedure 1.442, and an Order entering judgment in favor of Indian Harbor and against Plaintiff Diplomat Golf Course Venture, LLC ("Diplomat") for a reasonable amount of attorneys' fees and costs.

**FACTUAL AND PROCEDURAL BACKGROUND**

1.    On May 20, 2019, Diplomat filed its Complaint against Indian Harbor and others in this Court. *See* Complaint [ECF No. 1].

2.    Diplomat's Complaint alleged diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). [ECF No. 1 ¶ 2].

3. Count II of Plaintiff's Complaint asserts Breach of Contract against Indian Harbor.

4. Count IX of Plaintiff's Complaint asserts Tortious Interference With Business Relationship against Indian Harbor.

5. Multiple summary judgment motions were filed in the case, including by Indian Harbor, but there was no ruling on the motions. On January 6, 2021, Indian Harbor served an offer of judgment ("Offer") on Plaintiff pursuant to Fla. Stat. § 786.79 and Florida Rule of Civil Procedure 1.442. *See* Offer, **Ex. A** hereto. Indian Harbor's Offer was in the amount of $740,024.90 to resolve "Plaintiff's claims pending in this litigation against Indian Harbor Insurance Company, including all claims for attorneys' fees, costs, and interest." Indian Harbor simultaneously filed a notice of serving the Offer. *See* Notice, **Ex. B** hereto.

6. Diplomat did not accept Indian Harbor's Offer.

7. On July 14, 2022, this Court issued an order requiring Diplomat to file an amended complaint clarifying the citizenship of each of its members by July 19, 2022. [ECF No. 567].

8. On July 19, 2022, Diplomat filed an Amended Complaint. [ECF No. 568].

9. On July 20, 2022, this Court concluded that it lacked subject matter jurisdiction and entered an order dismissing the complaint and closing the case. [ECF No. 569].

10. Indian Harbor now seeks entry of an order finding it is entitled to an award of reasonable attorneys' fees and costs pursuant to Fla. Stat. § 768.79 and Florida Rule of Civil Procedure 1.442, in addition to entry of judgment in its favor as to same.[1]

---

[1] On August 2, 2022, Diplomat filed a Motion to Alter or Amend July 20, 2022 Order of Dismissal Pursuant to Federal Rule of Civil Procedure 59 (e) and/or for Relief Pursuant to Federal Rule of Civil Procedure 60(b)(1). [ECF No. 570]. On August 3, 2022, this Court

## MEMORANDUM OF LAW

**I.    Indian Harbor Is Entitled to an Award of Reasonable Attorneys' Fees and Costs.**

The Eleventh Circuit has held that Fla. Stat. § 768.79 is substantive law that applies in diversity jurisdiction cases. *Divine Motel Grp., LLC v. Rockhill Ins. Co.*, 722 F. App'x 887, 889 (11th Cir. 2018) ("We have held that § 768.79 is substantive law for Erie purposes."). Fla. Stat. § 768.79 provides that "if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees .... if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award." Fla. Stat. § 768.79. The Florida Supreme Court is clear, "the trial judge is to determine reasonable attorney fees, costs, and prejudgment interest through the date of the first offer of settlement which exceeds the recovery amount, including the damage award and the attorney fees, costs, and interest the [party] would have received if the [party] had accepted that offer of settlement on the date it was made." *Scottsdale Ins. Co. v. DeSalvo*, 748 So. 2d 941, 944 (Fla. 1999); *see also Danis Indus. Corp. v. Ground Improvement Techniques, Inc.*, 645 So. 2d 420, 421-22 (Fla. 1994).

To be awarded attorney's fees, the offer of judgment must comply with Fla. Stat. § 768.79(2) and the requirements set out in Florida Rule of Civil Procedure 1.442. Both

---

denied the Motion without prejudice based on Diplomat's failure to confer with defense counsel as required by Local Rule 7.1(a)(3). On August 10, 2022, Plaintiff filed an amended and renewed motion to alter or amend the order of dismissal. [ECF No. 572]. Indian Harbor reserves the right to seek additional fees incurred as a result of Diplomat's amended and renewed motion and any additional motion(s) or hearings thereafter.

Section 768.79(2) and Florida Rule of Civil Procedure 1.442 state that the offer/proposal must:

| Florida Rule of Civil Procedure Rule 1.442 | Fla. Stat. § 768.79(2) |
|---|---|
| "be in writing and shall identify the applicable Florida law under which it is being made." | "Be in writing and state that it is being made pursuant to this section." |
| "name the party or parties making the proposal and the party or parties to whom the proposal is being made" | "Name the party making it and the party to whom it is being made." |
| "state with particularity the amount proposed to settle a claim for punitive damages, if any" | "State with particularity the amount offered to settle a claim for punitive damages, if any." |
| "state the total amount of the proposal" | "State its total amount." |

Florida Rule of Civil Procedure 1.442 also states that the proposal must "state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served," "state with particularity any relevant conditions," "state with particularity all nonmonetary terms of the proposal," "state whether the proposal includes attorneys' fees and whether attorneys' fee are part of the legal claim," and "include a certificate of service in the form required by Florida Rule of General Practice and Judicial Administration 2.516." Here, Indian Harbor's Offer strictly complies with Section 768.79(2) and the requirements set out in Florida Rule of Civil Procedure 1.442. *See* Offer, **Ex. A**.

Further, Fla. Stat. § 768.79(6) states that, "[u]pon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal," courts "shall determine" the amount of "reasonable costs, including investigative expenses, and attorney's fees" to be awarded. This Motion is made within 30 days of the Court's July 20, 2022 Order which dismissed both counts against Indian Harbor and closed this case. [ECF No. 569].

Accordingly, Indian Harbor is entitled to reasonable attorneys' fees and costs pursuant to its January 6, 2021 Offer.

II.     **Indian Harbor Should Be Awarded $322,077.00 In Reasonable Attorneys' Fees.**

On January 6, 2021, Indian Harbor served its Offer on Diplomat, offering $740,024.90 to resolve Diplomat's claims. Diplomat refused Indian Harbor's offer, forcing Indian Harbor to continue litigating this case and begin preparing for trial, thereby incurring a significant amount of additional attorney's fees. Accordingly, the time spent defending this case since January 6, 2021 supports a reasonable fee award of **$322,077.00**. Indian Harbor calculates the amount as follows:

| Fee Earner | Title | Hourly Rate | Hours Billed[2] | Total |
|---|---|---|---|---|
| Fred Fein[3] | Partner | $395.00 | 7.7 | $3,041.50 |
| Robert Fisher[4] | Partner | $395.00 | .6 | $237.00 |
| Taylor Davis[5] | Partner | $380.00 | 298 | $112,860.00 |
| James Bauer[6] | Senior Associate | $365.00 | 31.6 | $11,205.50 |
| Roy Xiao[7] | Associate | $305.00 | 453.3 | $138,104.00 |
| Jim Douglass | Paralegal | $160.00 | 351 | $56,117.00 |
| Bethany Rock | Paralegal | $160.00 | 3.2 | $512.00 |
| **Grand Total** | | | 1145.4 | $322,077.00 |

---

[2] Indian Harbor's counsel submits its detailed billing records in support of the billed hours stated above. Billing Records, **Ex. C**.
[3] Mr. Fein's CV is attached hereto. See Fein CV, **Ex. D.**
[4] Mr. Fisher's CV is attached hereto. See Fisher CV, **Ex. E**.
[5] Ms. Davis's CV is attached hereto. See Davis CV, **Ex. F**.
[6] Mr. Bauer's CV is attached hereto. See Bauer CV, **Ex. G**.
[7] Mr. Xiao's CV is attached hereto. See Xiao CV, **Ex. H**.

### III. Indian Harbor Should Be Awarded $19,845.20 In Reasonable Costs.

Florida Statue § 768.79(1) provides that a "defendant shall be entitled to recover reasonable costs . . ." *See also Millette v. DEK Technologies, Inc.*, 2012 WL 3260284, at *5 (S.D. Fla. Aug. 8, 2012). Additionally, Florida Statute § 57.041 and Florida Rule of Civil Procedure 1.420(d) requires the taxing of costs in the event of a dismissal. *See* Fla. R. Civ. P. 1.420(d) ("Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action, once the action is concluded as to the party seeking taxation of costs."). Moreover, costs for a testifying expert witness are taxable. *R.J. Tobacco Co. v. Lewis*, 275 So. 3d 747, 749-50 (Fla. 5th DCA 2019). The underlying justification for the taxation of costs lies in indemnity principles. *On Target, Inc. v. Allstate Floridian Ins. Co.*, 23 So. 3d 180 (Fla. 2d DCA 2009); *Ins. Co. of N. Am. v. King*, 340 So. 2d 1175 (Fla. 4th DCA 1976).

Accordingly, Indian Harbor is entitled to reasonable costs and seeks an award of **$19,845.20**,[8] calculated as follows:

| Cost Description | Amount |
|---|---|
| Expert fees – testifying expert M.G. Orender | $2,832.50 |
| Expert fees – testifying expert John Sosak | $8,640.00 |
| Expert fees – testifying expert Micah Pace | $3,410.00 |
| Video services for video recorded deposition of Michael Elkin, CPA | $910.00 |
| Original transcript of 01/22/21 video recorded deposition of Michael Elkin, CPA | $2,177.70 |
| TruVid LLC - Charges re Deposition and Video Sync to be used at trial | $950.00 |
| Veritext Deposition Support Services - Deposition of Randolph Goodman | $925.00 |

---

[8] *See* Invoices, **Ex. I**

| Cost Description | Amount |
|---|---|
| Grand Total | $19,845.20 |

## CONCLUSION

For the reasons set forth above, Indian Harbor respectfully requests this Court (1) enter an order finding that Indian Harbor is entitled to an award of reasonable attorneys' fees and; (2) enter judgment in the amount of **$322,077.00** in favor of Indian Harbor and against Diplomat for the amount of reasonable attorneys' fees which Indian Harbor is entitled to recover from Diplomat; and (3) enter judgment in the amount of **$19,845.20** in favor of Indian Harbor and against Diplomat for the reasonable amount of costs.

## **RULE 7.1(a)(3) CERTIFICATION**

Indian Harbor's counsel has conferred with Diplomat's counsel in a good faith effort to resolve the issues raised in this Motion and has been unable to do so.

## **VERIFICATION**

I, Taylor Davis, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the foregoing statements are true.

Executed this 19th day of August 2022 in Atlanta, Georgia.

Respectfully submitted,

**Taylor Davis**
Robert W. Fisher (*pro hac vice*)
Georgia Bar No. 261951
Taylor L. Davis
Florida Bar No. 0089005
Roy Xiao (*pro hac vice*)
Georgia Bar No. 955563
CLYDE & CO US LLP
271 17th Street NW, Suite 1720
Atlanta, GA 30363
Tel: (404) 410-3150
Fax: (404) 410-3151
E: robert.fisher@clydeco.us
E: taylor.davis@clydeco.us
E: roy.xiao@clydeco.us

*Counsel for Defendant*
*Indian Harbor Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that a true and correct copy of the foregoing was served this day via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

**Michael N. Kreitzer, Esq.**
kreitzerm@gtlaw.com
**Jennifer Lauren Junger, Esq.**
jungerj@gtlaw.com
Greenberg Traurig, P.A.
333 S.E. 2nd Avenue
Suite 4400
Miami, FL 33131
*Attorneys for Plaintiff*
*Diplomat Golf Course Venture, LLC*

**Robert M. Darroch, Esq.**
rdarroch@GM-LLP.com
Goodman McGuffey LLP
6751 Professional Parkway West
Suite 103
Sarasota, FL 34240-8449
*Attorneys for Defendant*
*Colony Insurance Company*

**Mayda Z. Mallory, Esq.**
mmallory@hinshawlaw.com
Hinshaw & Culbertson LLP
252 Ponce de Leon Blvd
4th Floor
Coral Gables, FL 33134

**Matthew C. Ferlazzo, Esq.**
mferlazzo@hinshawlaw.com
Hinshaw & Culbertson, LLP
800 Third Avenue
13th Floor
New York, NY 10022
*Attorneys for Defendant*
*Fair American Select Insurance Company*

**Onier Llopiz, Esq.**
ol@l-wfirm.com
**Joan Carlos Wizel, Esq.**
jcw@l-wfirm.com
Llopiz Wizel
1451 W Cypress Creek Road, Ste. 300
Fort Lauderdale, Florida 33309
*Attorneys for the Defendant*
*Vericlaim, Inc.*

**Armando Pedro Rubio, Esq.**
arubio@fieldshowell.com
Fields Howell, LLP
Dadeland Centre I
9155 South Dadeland Blvd., Suite 1012
Miami, FL 33156

**Gregory L. Mast, Esq.** (*pro hac vice*)
gmast@fieldshowell.com
**Marshall N. Lahiff, Esq.**
mlahiff@fieldshowell.com
Fields Howell, LLP
1180 W. Peachtree Street NW, Suite 1600
Atlanta, GA 30309
*Attorneys for Defendants*
*Certain Underwriters at Lloyds, London Subscribing to Policy No.: PDX-40025-00, Landmark American Insurance Company, General Security Indemnity Company of Arizona, International Insurance Company of Hannover SE, Hamilton Specialty Insurance Company*

**Taylor Davis**
Robert W. Fisher (*pro hac vice*)
Georgia Bar No. 261951
Taylor L. Davis
Florida Bar No. 0089005
Roy Xiao (*pro hac vice*)
Georgia Bar No. 955563
CLYDE & CO US LLP
271 17th Street NW, Suite 1720
Atlanta, GA 30363
Tel: (404) 410-3150
Fax: (404) 410-3151
E: robert.fisher@clydeco.us
E: taylor.davis@clydeco.us
E: roy.xiao@clydeco.us

*Counsel for Defendant*
*Indian Harbor Insurance Company*