**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
Case No. 19-61275-CIV-GAYLES/HUNT

DIPLOMAT GOLF COURSE
VENTURE, LLC, a Florida limited
liability corporation,

        Plaintiff,

  v.

CERTAIN UNDERWRITERS AT LLOYDS,
LONDON SUBSCRIBING TO POLICY
NO.: PDX-40025-00, et al.,

        Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This matter is before this Court on Defendant Vericlaim's Motion to Tax Costs ("Vericlaim's Motion to Tax"), ECF No. 585, Defendant Indian Harbor Insurance Company's Motion for Entitlement to an Award of Reasonable Fees ("Indian Harbor's Motion for Fees and Costs"), ECF No. 588, and Defendant FASIC's Motion to Tax Costs ("FASIC's Motion to Tax"), ECF No. 589. The Honorable Darrin P. Gayles, United States District Judge, referred these matters to the undersigned for a report and recommendation. ECF No. 590; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough and careful review of the Motions, the Responses and Replies thereto, the record, the applicable law, and being otherwise fully advised in the premises, the undersigned recommends that all three Motions be DENIED for the reasons set forth below.

**I.      Background**

This is an action for breach of contract and declaratory judgment filed by Diplomat Golf Course Venture, LLC ("Diplomat"), against Fair American Select Insurance Company ("FASIC"), Indian Harbor Insurance Company ("Indian Harbor"), Certain Underwriters at Lloyds, London Subscribing to Policy No.: PDX-40025-00, Colony Insurance Company, Landmark American Insurance Company, General Security Indemnity Company of Arizona, International Insurance Company of Hannover SE, and Vericlaim, Inc. ("Vericlaim") (collectively "Defendants"). ECF No. 1. The case proceeded to the summary judgment stage and was set for oral argument on competing summary judgment motions. ECF No. 563.

On July 14, 2022, Chief Judge Altonaga, upon reviewing the docket, *sua sponte* ordered Diplomat to file an amended complaint clarifying the citizenship of each member of the LLC. ECF No. 567. Diplomat complied and filed an Amended Complaint attempting to clarify the citizenship of its members. ECF No. 568. After reviewing the Amended Complaint, the District Court found that Diplomat had still not provided sufficient allegations to establish the citizenship of each member of the LLC; however, the District Court found that Diplomat had provided sufficient allegations to show that complete diversity was lacking. ECF No. 569 at 2. The District Court therefore dismissed the action without prejudice due to lack of jurisdiction. *Id.* at 4. Diplomat moved for reconsideration, which was denied by the District Court. ECF Nos. 570, 571, 572, 582. Diplomat appealed the District Court's dismissal. ECF No. 573. While the appeal was pending, Diplomat filed an identical action in state court. Diplomat then voluntarily dismissed the appeal. ECF No. 584.

Subsequently, Vericlaim and FASIC—separately—moved for an award of costs pursuant to 28 U.S.C. § 1919; Indian Harbor moved for an award of attorneys' fees and costs pursuant to Section 768.79 of the Florida Statutes and Florida Rule of Civil Procedure 1.422.  The Motions have been fully briefed and are now ripe for adjudication.

## II.     FASIC's and Vericlaim's Motion to Tax Costs Under § 1919

  1. Parties' Arguments

The arguments raised by FASIC and Vericlaim mirror each other; thus, the undersigned will discuss both motions and Diplomat's responses together.  FASIC and Vericlaim both argue that this Court should award costs pursuant to 28 U.S.C. § 1919.  In support, FASIC and Vericlaim contend that they simply seek costs that were necessitated by the filing of this action.  Both Defendants argue that it remains uncertain whether either of them could recover the expenses of this federal action in state court pursuant to Florida law, assuming they are successful in the state court action.  Both Defendants also argue that Diplomat's lack of diligence in pleading jurisdiction is the reason that this action was pursued in the wrong forum.  Both Defendants request that this Court award "just costs" for depositions they reasonably expected to use during litigation.  FASIC requests that this Court award it costs in the amount of $29,994.60; Vericlaim requests that this Court award it costs in the amount of $19,797.70.

Diplomat responds that Vericlaim's Motion is untimely because Vericlaim did not file the motion within sixty days after the District Court dismissed the action, which is required by the local rules.[1]  In regard to both Motions, Diplomat contends that awarding

---

1.     The undersigned rejects Diplomat's timeliness argument.  The District Court denied a motion for attorneys' fees while the appeal was pending and instructed the Parties to file any motions for fees or costs after the appeal concluded.  ECF No. 578.

costs in favor of Vericlaim and FASIC would be premature and inequitable. Diplomat argues that Defendants would be able to recover the costs of this action even if the Court were to deny costs now, because jurisdiction is proper in state court, and therefore the state court could award costs for the federal action if Defendants prevail there. In essence, Diplomat contends that Vericlaim and FASIC, neither of whom raised any jurisdictional challenge in this case, should not be rewarded for their "dumb luck" in obtaining a *sua sponte* dismissal without prejudice. ECF No. 590 at 9 n.4.

Vericlaim and FASIC both reply that there is no guarantee that they would be able to recover in state court; rather, they maintain that Florida appellate courts, when addressing pending cases that had been previously dismissed, have declined to award costs for litigation expenses incurred in the dismissed case. They must receive compensation now, they argue, or risk no recovery at all.

2. Discussion

28 U.S.C. § 1919 allows a court to award costs after it determines it lacks jurisdiction to hear a case, providing, in pertinent part: "[w]henever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs." 28 U.S.C. § 1919. "Determining whether just costs should be awarded under 28 U.S.C. § 1919 is a matter within the sound discretion of the district court." *Grigorian v. FCA US, LLC*, No. 18-24364-CIV-COOKE/GOODMAN, 2021 WL 5605542, at *2 (S.D. Fla. Oct. 1, 2021), *report and recommendation adopted*, No. 18-24364-CIV-COOKE/GOODMAN, 2021 WL 5579276 (S.D. Fla. Nov. 30, 2021) (citation and internal quotations omitted). "While 'just costs' under § 1919 are different than the taxable costs available to the prevailing party under 28 U.S.C. § 1920, courts have found

4

the standards applied under § 1920 are useful in interpreting which costs are 'just.'" *Id.* (citation omitted).

Both Defendants heavily rely on *Grigorian* for support of their contention that this Court should award them costs. In *Grigorian*, the court dismissed the action for want of jurisdiction. *Id.* The defendant in *Grigorian* then moved for an award of costs under § 1919, which was granted in part. *Id.* The court found that despite the plaintiff's objectively reasonable conduct and the fact that a state court action was pending, under the specific facts of that case, it would be inappropriate to deny all costs. *Id.* at *6. The court awarded costs the defendant would have been eligible to receive under § 1920. *Id.* at *6. Thus, the court reduced the requested award from $66,168.17 to $4,056.75. *Id.* at *14.

The undersigned acknowledges that *Grigorian* is similar to this action; however, the undersigned finds that there are certain factual circumstances present in this action that distinguish it from *Grigorian*. Most notably, the defendant in *Grigorian* raised the issue of standing to the court with a notice of an appellate decision that supported defendant's argument that jurisdiction was lacking. *Id.* at *1. This prompted the court to consider the issue of standing and to *sua sponte* hold a hearing on the issue. *Id.* at *1, *6.

In the instant action, none of the Parties alerted the Court to any jurisdictional issues. In fact, Vericlaim itself, in its answer to the Complaint, admitted that jurisdiction was proper. ECF No. 212. This action proceeded well past the motion to dismiss stage and was set for additional briefing on summary judgment. If not for Chief Judge Altonaga's *sua sponte* review of the first docket entry, the Complaint, this case would

5

have either been disposed of on summary judgment or proceeded to trial.[2] Both Defendants seek to place Diplomat at fault and state it should have been more diligent. This is undoubtedly true. But the fault does not fall on Diplomat alone, as observed in the District Court's Order dismissing the case. ECF No. 569 at 1 ("The July 14, 2022 Order, [which ordered Diplomat to file an amended complaint,] recognized what the *parties* appear to have overlooked since this case was filed[.]") (emphasis added).

Unlike the defendant in *Grigorian*, neither FASIC nor Vericlaim challenged or alerted the Court to any deficiencies in jurisdiction. Additionally, unlike *Grigorian*, the District Court's Order does not rely on any recently decided cases. *See* ECF No. 569. In contrast, *Grigorian* was dismissed due to the defendant alerting the court to a newly issued opinion. Lastly, the subsequently filed state court action in *Grigorian* faced similar jurisdictional challenges in regard to the plaintiff's standing. The *Grigorian* court, in part, based its decision on the fact that the recovery for a jurisdictional dismissal pursuant to Florida law, rather than a recovery based on a judgment on the merits, would possibly prohibit the defendant from recovering the expenses incurred in the dismissed federal action. *Grigorian,* 2021 WL 5605542, at *5 ("[I]f [d]efendant [was] successful in obtaining a state court dismissal *based on lack of standing*, then it would be limited to the costs incurred defending the state action.") (emphasis added). However, that is not necessarily the case in this action. While the action faced jurisdictional challenges in state court, Diplomat has withstood the challenges and the case is, according to Diplomat, ready for trial. *See* Order Denying Motion to Dismiss, *Diplomat Golf Course Venture LLC* v. *Indian*

---

2. As noted in the order of dismissal, federal courts have "the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exists arises." *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985).

6

*Harbor Insurance Company, et al.*, CACE22012346 (Fla. 11th Cir. Ct. July 10, 2023); ECF No. 586 at 3, 10; ECF No. 591 at 4.  Thus, the concerns the *Grigorian* court expressed are not present in this action.

Ultimately, "[a]n award of costs under § 1919 is discretionary."  *Rabco Corp. v. Steele Plaza, LLC*, No. 16-cv-1858, 2019 WL 5188601, at *16 (M.D. Fla. July 29, 2019). The undersigned finds what is just in this situation, under the unusual facts of this case, is to recommend the denial of both Motions.  Should the District Court disagree, however, the undersigned respectfully recommends that both Defendants be awarded only costs enumerated under § 1920.

### III.   Indian Harbor's Motion for Fees and Costs

   1. Parties' Arguments

Indian Harbor contends that it is entitled to an award of fees and costs pursuant to Fla. Stat. §768.79, the statute governing offers of judgment.  Indian Harbor asserts that it complied with the Florida Statute, and the governing Florida Rule of Civil Procedure, when it served Diplomat with its offer of $740,024.90 to resolve Diplomat's claims.  Indian Harbor argues that Diplomat refused the offer and forced Indian Harbor to continue litigating this case.  Indian Harbor alleges that, as a result of the refusal, it spent time defending this action and expended $359,000 in attorneys' fees and $19,945 in costs.

Diplomat responds that Florida's offer of judgment statute does not provide a basis for an award of attorneys' fees and costs unless the dismissal is with prejudice. Accordingly, Diplomat argues that since this action was dismissed without prejudice, the offer of judgment statue is inapplicable and Indian Harbor is not entitled to an award of

attorneys' fees and costs. Diplomat also argues that Indian Harbor's motion did not comply with the local rules.

Indian Harbor replies that the Court's order of dismissal is, in effect, a dismissal with prejudice because Diplomat's tortious interference claim is time-barred in state court. Diplomat provided a sur-reply to address this allegation arguing that no court, state or federal, has made a finding that the statute of limitations has expired on any of its claims. Thus, the argument that the claim is time-barred should be ignored because it cannot be determined on the face of the pleadings alone. Indian Harbor requested to file a sur-sur-reply.[3] The undersigned has considered the arguments raised in the sur-sur-reply.

   2. Discussion

Florida Statute §768.79(1) provides, in pertinent part:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him ... from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.

"[T]he Florida Supreme Court concluded that to be entitled to an award of attorney fees under § 768.79 based on a dismissal of the case, the dismissal must be with prejudice." *CodeVentures, LLC v. Vital Motion Inc.*, No. 22-11288, 2023 WL 2644173, at *2 (11th Cir. Mar. 27, 2023) (citing *MX Invs., Inc. v. Crawford*, 700 So. 2d 640 (Fla. 1997)). As the Eleventh Circuit noted, the Florida Supreme Court made it clear that for purposes of the offer-of-judgment statute, the dismissal must represent a judgment of no liability.

---

3.   Prior to entering this Report and Recommendation, the undersigned granted Indian Harbor's motion *nunc pro tunc*.

*Id.* (citing *MX Invs.*, 700 So. 2d at 642).  Accordingly, a dismissal with prejudice, an involuntary dismissal, or a second voluntary dismissal would all qualify as a basis of an award of attorneys' fees under § 768.79.  *Id.*

Indian Harbor primarily relies on *Olivia v. NBTY, Inc.*, Case No. 11-8050-CIV-DIMITROULEAS/SNOW, 2012 WL 12849958, at *1 (S.D. Fla. April 26, 2012), for the proposition that the District Court's dismissal of this action is the equivalent of a dismissal with prejudice.  In *Olivia*, the court awarded the defendant attorneys' fees and costs pursuant to § 768.79 even though the case was dismissed without prejudice and allowed to proceed in state court.  *Id.* at *9.  The *Olivia* court adopted the magistrate judge's findings that the only claims alleged by the plaintiffs against the defendant were dismissed, and that the plaintiffs themselves conceded that the "statute of limitations for *any* claim arising from [p]laintiffs' injury had already run."  *Id.* (emphasis added).  Thus, the district court agreed that the dismissal of the claims was "tantamount to a dismissal with prejudice."  *Id.* at *7, *9.

In this action, Diplomat brought multiple claims against Indian Harbor, including a claim for breach of contract, a claim for breach of the duty of good faith and fair dealing,[4] and a claim for tortious interference.  ECF Nos. 1, 568.  Unlike the plaintiffs in *Olivia*, Diplomat has not conceded that any of its claims are time-barred.  Indian Harbor invites this Court to make a factual determination as to the applicable statute of limitations and whether one of Diplomat's claims is barred.  The undersigned declines to do so considering the fact that Diplomat has other pending claims against Indian Harbor that

---

4. This claim was dismissed without prejudice in this action as well as in state court on the basis that it is premature because there has not been a determination of liability.

9

are clearly not time-barred, for example, Diplomat's breach of contract claim. *See Jeunesse, LLC v. LifeWave, Inc.*, No. 6:15-cv-131-Ori-28DAB, 2015 WL 4911349, at *2 (M.D. Fla. Aug. 17, 2015) (the statute of limitations in Florida for a breach of contract claim is five years) (citing Fla. Stat. §95.11(2)(b)).

Further, Indian Harbor proposes that it is entitled to attorneys' fees and costs because the dismissal was tantamount to one with prejudice as to the tortious interference claim. However, Indian Harbor seeks fees for the time spent defending the entire litigation because one claim is arguably time-barred. Indian Harbor's motion does not address the fact that other claims against it are not time-barred, nor does it attempt to apportion fees to the only claim it allegedly prevailed on. Assuming *arguendo* that Indian Harbor is correct and this claim is time-barred, thus equating to an adjudication on the merits, that would be only one out of four claims that Indian Harbor prevailed on. In such a scenario, Indian Harbor would be at most entitled to attorneys' fees and costs only on the claim for tortious interference. *See CodeVentures, LLC*, 2023 WL 2644173, at *2 ("[U]nder the prevailing Florida caselaw, the district court was authorized to award fees to the [d]efendants for the counts that were adjudicated on the merits.").

Overall, the undersigned finds that this case is more akin to *MX Investments* and *Smith v. Loews Miami Beach Hotel Operating Co.*, in which the court found that the defendants were not entitled to fees under the offer of judgment statute because the plaintiff filed for a voluntary dismissal without prejudice, which did not operate as an adjudication on the merits. *Smith,* 35 So. 3d 101, 103 (Fla. 3d DCA 2010); *MX Invs.*, 700 So. 2d at 641. Since there was no adjudication on the merits on any of the claims brought by Diplomat against Indian Harbor, the undersigned finds that §768.79 is not applicable.

As a result, Indian Harbor is not entitled to an award of attorneys' fees and costs pursuant to the statute. Therefore, the undersigned recommends that the District Court deny Indian Harbor's Motion.

## IV.  Recommendation

Based on the foregoing, the undersigned recommends that Vericlaim's Motion, FASIC's Motion, and Indian Harbor's Motion, all be DENIED.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida this 24th day of August 2023.



_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable Darrin P. Gayles

All Counsel of Record